NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 25 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY LEE WILLIAMS, | No. 15-16842 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00640-RCJ-WGC |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Nevada state prisoner Danny Lee Williams appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's dismissal under 28 U.S.C.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Williams' Eighth Amendment claims because Williams failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the inmate's health; negligence, medical malpractice, and a difference of opinion concerning the course of treatment in diagnosing or treating a medical condition do not amount to deliberate indifference).

The district court properly dismissed Williams' First Amendment retaliation claim because Williams failed to allege facts sufficient to show that defendants acted with retaliatory intent to chill his exercise of protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of retaliation claim in prisoner context).

The district court did not abuse its discretion by denying Williams leave to amend his complaint because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be

15-16842

futile).

The district court did not abuse its discretion by denying Williams' request for appointment of counsel because Williams failed to demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103-04 (9th Cir. 2004) (setting forth standard of review and describing the factors to be considered before appointing counsel).

We reject as without merit Williams' contention that the district court was biased because it considered the arguments contained in defendants' motions to dismiss.

Williams' request to enter default judgment against defendants-appellees Sierra Surgery Center and Sierra Imaging, set forth in his reply brief, is denied.

**AFFIRMED.**